UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

  v.

JEFFREY E. BUSCH and DOES ONE
through TEN, inclusive,

    Defendants.
_____/

JEFFREY E. BUSCH,

    Cross-Complainant,

  v.

THE GLENS FALLS INSURANCE
COMPANY, ENCOMPASS INSURANCE
COMPANY (formerly known as
"CNA"), and ROES ONE through
TWENTY, inclusive,

    Cross-Defendants.

NO. CIV. S-05-2487 FCD

ORDER

----oo0oo----

    The court has reviewed cross-defendants' notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. § 1441(a) based on diversity

jurisdiction.[1]  Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending." Id. (emphasis added).  The removal statute is to be strictly construed against removal jurisdiction. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The Ninth Circuit has not addressed whether "third-party" defendants or cross-defendants are "defendants" for the purposes of § 1441(a).  However, "the majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth party complaints." Schmidt v. Ass'n of Apartment Owners of Marco Polo Condominium, 780 F. Supp. 699, 702 (D. Haw. 1991). The great weight of district court authority within this circuit indicates that third party defendants lack a right to remove actions to federal court under § 1441(a).  See Ciolano v. Ryan, 2003 WL 21556959, at *3 (N.D. Cal. July 09, 2003) (collecting cases).  Therefore, the court finds that the cross-defendants do

---

[1] Counter-defendants assert that their notice of removal is based upon 28 U.S.C. § 1441(b).  However, this section applies only to federal question jurisdiction or to actions brought where none of the parties are citizens of the State in which the action is brought. Id.  Counter-defendants base their notice of removal upon diversity jurisdiction, and therefore, the court interprets their notice as brought under 28 U.S.C. § 1441(a), which allows removal by the defendant or defendants on the basis of diversity jurisdiction.

2

1 | not have a right to remove the case to federal court.
2 | Accordingly, the court REMANDS this action back to the Superior
3 | Court of California, County of Placer.
4 |     IT IS SO ORDERED.
5 | DATED: December 14, 2005

                                        /s/ Frank C. Damrell Jr.
                                        FRANK C. DAMRELL, Jr.
                                        UNITED STATES DISTRICT JUDGE